[Crim. No. 5236.   Second Dist., Div. One.   Dec. 7, 1954.]

THE PEOPLE, Respondent, v. GARRY K. CAPPS, Appellant.

John J. Bradley and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgments and orders denying motions for a new trial.

Appellant was charged by information filed July 29, 1953,

with burglary, attempted rape and robbery in three counts. The trial was continued from time to time at the request of defendant. On November 24, 1953, appellant was charged in another information with two counts of attempted burglary alleged to have been committed on October 27, 1953. On motion of the district attorney the two cases were consolidated for trial. On December 17, 1953, the jury returned a verdict of guilty on all counts.

The first information above mentioned charged burglary, attempted rape and robbery. Briefly, as the record reveals, defendant about midnight, entered the house by prying open a window, committed the offense of attempted rape on the woman occupying the house and stole $9.00 from the victim. Defendant was arrested a few hours later at the residence of the family about nine blocks from the victim's residence. Defendant's mother and father were home at the time of the arrest.

The second information alleged two counts of attempted burglary. The offenses were committed about 9 p. m. The record reveals that defendant attempted to enter two homes. They were adjoining. The attempt was discovered and as a result defendant was shot while fleeing from the scene by the two men who occupied these houses. They were family residences.

It is contended on appeal that, as to the first information, ''The verdict is contrary to the law.'' As to the second information, appellant contends that, ''The verdict is contrary to the evidence.'' It is also argued that the granting of the motion for a consolidation of the offenses for trial, ''amounted to abuse of discretion.''

Without relating the details it is sufficient to note that the record does not support appellant's contentions. There is one exception, however, which is worthy of mention. Counsel's cross-examination of the witness Mrs. Evans relating to what the witness testified to at the preliminary hearing was foreclosed by the trial judge's rulings and objections. It resulted from an apparent misunderstanding as to the law of evidence relating to impeachment and cross-examination. The only time that an objection to an impeaching question on the grounds that no foundation has been laid is proper is when the impeaching witness is on the stand. To make such an objection during the cross-examination of a witness is an unwarranted interference with the cross-examination. Lawyers familiar with the law applicable thereto lay

the foundation for impeachment after the cross-examination is completed. Very often the witness in reply to the foundation question will reply, ''Well, now that you remind me———,'' etc., and then admit what theretofore had been denied. Such an incident obviously affects the weight of the witness' testimony as a whole. During the trial of an action nothing is more important than cross-examination. To force counsel to inform the witness during such cross-examination of the likelihood of impeachment defeats one of the important phases of cross-examination, namely, the veracity of the witness. The court's rulings and attitude relating to this were error.

█ In *Diller* v. *Northern Cal. Power Co.*, 162 Cal. 531, at 538 [123 P. 359], the court commented on this subject as follows: ''Declarations or admissions against interest by a party, or his authorized agent, may be given in evidence, and it is not necessary to lay a foundation for such declarations by asking the preliminary questions appropriate to an attempt to impeach a witness by proof of contradictory statements made at another time. So far as these matters were gone into in questioning Thomas himself, they were legitimate cross-examination.'' (See also *People* v. *Neighbors*, 79 Cal. App.2d 202, at 207 [179 P.2d 647].) However, it does not appear that such error was of such a nature that the jury was influenced thereby. The evidence, taken as a whole, was sufficient to support the verdict and there are no prejudicial errors.

The judgments and orders are affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 13, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 5, 1955.